UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOYAH DESERTHAWK KIDWELL,<br><br>         Plaintiff,<br><br>   v.<br><br>JASON COLLINS, et al.,<br><br>         Defendants. | Case No.: 1:22-cv-00709-BAK (BAM) (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR REMAND AS CONSTRUED FOLLOWING THE FILING OF PLAINTIFF'S LETTER DATED JUNE 21, 2022**<br><br>(Doc. 8.)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Sequoyah Deserthawk Kidwell[1] is proceeding *pro se* in this civil rights action.

**I.     INTRODUCTION**

On April 29, 2022, this action was removed from the Sacramento County Superior Court to the Sacramento Division of this Court. Defendants removed the action asserting this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint alleges violations of the First, Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 1.) Defendants request screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (*Id.* at 2-3.)

//

---

[1] Plaintiff changed his name from Jason Harper to Sequoyah Deserthawk Kidwell in April 2022. (*See* Doc. 8 at 7-9.)

On May 3, 2022, Magistrate Judge Alison Claire issued an Order indicating venue was proper in both the Sacramento and Fresno Divisions pursuant to 28 U.S.C. § 1391(b) and noting Defendants' notice of removal states venue is proper in the Fresno Division. (Doc. 4.) Magistrate Judge Claire ultimately found: "[i]t therefore appears likely that any potentially cognizable claims will lie against defendants located within Kings County and that this action should be transferred to the Fresno Division of this court." (*Id*. at 3.) The parties were then provided 21 days within which to show cause in writing why the action should not be transferred to the Fresno Division. (*Id*.)

On May 24, 2022, Defendants filed a notice of consent to the transfer. (Doc. 5.)

On June 13, 2022, Magistrate Judge Claire issued an order transferring this action from the Sacramento Division to the Fresno Division, directing that all future filings reflect the new Fresno case number and be filed with the Fresno Division at 2500 Tulare Street, Fresno, California 93721. (Doc. 6.)

On June 21, 2022, Plaintiff filed a letter dated June 7, 2022, bearing the previous Sacramento Division case number (2:22-cv-00738-AC (PC)), advising the Clerk of the Court that certain documents he sent via U.S. Mail had been returned and marked undeliverable. (Doc. 8.) A review of the documents attached to Plaintiff's letter reveals Plaintiff intended to object to the removal of the action from state court to federal court despite the document's title. (*See id*. at 10-14 [titled "Objection to Transfer of Case, as Case is under the Tom Bane Act State § 1983, not Federal"].)

**II.     DISCUSSION**

  **A. Plaintiff's Objections**

Initially, the undersigned notes that Plaintiff signed and dated his objections or opposition on May 22, 2022; in other words, within the 21-day objection period provided in Magistrate Judge Claire's Order issued May 3, and before the June 13, 2022, Order transferring this action to the Fresno Division. Additionally, despite Plaintiff's protestation to the contrary in his letter of June 21, 2022, the address Plaintiff used in his attempt to file his objections with this Court was *not* correct. Plaintiff's proofs of service reveal he directed his documents to the Court as follows:

2

1    "United States District Court, Eastern District of California, 2500 Tulare Stareet [sic], Room
2    1501, Hanford, California 93230." (*See* Doc. 8 at 4-5.)  The correct address for this Court is 2500
3    Tulare Street, Room 1501, **Fresno, California 93721**.[2] Plaintiff did not use the correct address
4    and therefore, the documents were returned to him marked undeliverable.
5           Nonetheless, the Court turns to the substance of Plaintiff's objections to the "transfer" of
6    this action from the state court to federal court. Plaintiff contends "this case is under the TOM
7    BANE ACT the State § 1983, Not Federal." (Doc. 8 at 10.) He alleges this "Court house has a
8    history of forcing Prisoners to only file §1983's within this court without proper Jurisdiction or
9    Authority to do so," in violation of the "Equal Protection Clause as this Strict Rule Making of this
10   Court has not been placed upon the General Public with Equal Effect." (*Id.*) Plaintiff contends
11   Magistrate Judge Claire "dismissed Defendants that have been accused without Proper
12   Justification" and without waiting for Plaintiff's objections. (*Id*. at 10-11.) He contends the action
13   was "done knowingly and willfully to deter and impede upon cases so that Defendants will be
14   given Illegal undue Immunities …." (*Id*. at 11.) Plaintiff contends Magistrate Judge Claire "has
15   over stepped jurisdiction and demonstrated clear prejudice and bias" and that she "has no
16   Immunity under these laws, and no mens rea is required to file against him as a Prerequisite."
17   (*Id*.) Plaintiff further contends the "Defendants are accused of committing crimes, as such there is
18   a conflict" and the Attorney General's Office should "recuse themselves …." (*Id*. at 13.)  Plaintiff
19   concludes: "if this court chooses to transfer this case this case needs to be lab[e]led under the
20   State Tom Banes Act an[d] laws governing the TOM BANES ACT," and that a denial of
21   Plaintiff's request "will be Denying Plaintiff his Constitutional Rights to Meaningful Access to
22   the Courts and enforcing rules that have not been placed upon the General Public Violating the
23   Equal Protection Clause." (*Id*. at 14.)
24           **2.      Analysis**
25          First, to the degree Plaintiff asserts Magistrate Judge Claire "dismissed" any Defendant,
26   he is incorrect. Magistrate Judge Claire's Order of May 3, 2022 did not dismiss any defendant.
27   Rather, Magistrate Judge Claire interpreted Plaintiff's complaint to assert claims arising "under

---

[2] (https://www.caed.uscourts.gov/caednew/index.cfm/clerks-office/court-directions/.)

the First, Eighth, and Fourteenth Amendments," noting that "the CDCR Appeals Office is not a proper defendant" and that the "allegations against [Defendants] Allison and Gipson, as currently pled," were "based solely on their role as supervisors." (Doc. 4 at 2-3.) Neither the CDCR Appeals Office, nor Allison or Gipson, was dismissed from this action. Because Plaintiff has misunderstood Magistrate Judge Claire's Order, the undersigned will not address Plaintiff's related and unwarranted claims of prejudice and bias.

Second, this Court will not address Plaintiff's conclusory and unsupported assertion that the Court "forces" prisoner plaintiffs to file § 1983 actions in this Court in the absence of proper jurisdiction.

Notably too, this Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Defendants have asked this Court to screen Plaintiff's complaint as stated in their notice of removal. (Doc. 1 at 2.) While Plaintiff's complaint has not yet been screened, screening will determine whether Plaintiff has stated cognizable claims for relief against the named Defendants. The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before this Court, and delays are inevitable despite the Court's best efforts. Plaintiff's complaint will be screened in due course.

### a. Plaintiff's Complaint

Next, in his objections, Plaintiff contends this case arises under the "Tom Bane Act." California Civil Code § 52.1 is known as the Tom Bane Civil Rights Act. The relevant subdivisions of the statute are:

> (b) If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured. An action brought by the Attorney General, any district attorney, or any city attorney may also

4

> seek a civil penalty of twenty-five thousand dollars ($25,000). If this civil penalty is requested, it shall be assessed individually against each person who is determined to have violated this section and the penalty shall be awarded to each individual whose rights under this section are determined to have been violated.
>
> (c) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (b), may institute and prosecute in their own name and on their own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (b).
>
> (d) An action brought pursuant to subdivision (b) or (c) may be filed either in the superior court for the county in which the conduct complained of occurred or in the superior court for the county in which a person whose conduct complained of resides or has their place of business. An action brought by the Attorney General pursuant to subdivision (b) also may be filed in the superior court for any county wherein the Attorney General has an office, and in that case, the jurisdiction of the court shall extend throughout the state.

Cal. Civ. Code § 52.1(b)-(d). California's Tom Bane Civil Rights Act provides a cause of action for violations of a plaintiff's state or federal civil rights committed by threats, intimidation, or coercion. *Gomez v. City of Vacaville*, 483 F.Supp.3d 850, 869-70 (E.D. Cal. 2020).

However, a review of Plaintiff's complaint (*see* Doc. 1, Ex. A) reveals no explicit reference to California Civil Code § 52.1 or to the Tom Bane Civil Rights Act. The complaint includes headings or subheadings entitled "The Threat" (Doc. 1 at 18) and "The Retaliation" (Doc. 1 at 20), nevertheless, that language does not brand the claims solely state law claims.

Plaintiff's complaint asserts three claims.[3] (Doc. 1, Ex. A.) On the first page of his form complaint, Plaintiff checked the "Type" boxes for "Personal Injury" and "Other," writing in "Civil/Prisoner's Right's/Religious Meals Breach of Contract/Failure to [illegible]." (Doc. 1 at 6.) In his first claim for relief, Plaintiff contends Defendants, were in a "conspiracy of deliberate indifference to deprive Plaintiff of his kosher meals; and protection from substantial risk of harm

---

[3] Plaintiff's complaint indicates he "was deprived of his kosher meals for a total of Sixty nine (69) days." (Doc. 1 at 12.) Plaintiff recounts the denial of kosher meals on many occasions between March 26, 2020, and May 18, 2020. (*See* Doc. 1 at 14-17.) Plaintiff's claims arise from these actions.

5

and substantial risk to his health and safety" in violation of his "1st, 8th, and 14th Amendment" rights and that he is entitled to "exemplary and punitive damages under California Law." (*Id*. at 11 & 24.) In his second claim, Plaintiff contends Defendants' conduct "was willful and deliberate, or in reckless disregard of Plaintiff's rights, or negligent, and constitutes malice and oppression such that Plaintiff is entitled to exemplary and punitive damages under California Law." (*Id*. at 11-12 & 25.) He further contends Defendants "willingly, Knowingly, and deliberately Breached a contract between two partys [sic], to deprive Plaintiff of his Kosher Meals and protect him from Substantial Risk of Harm to his health and safety." (*Id*. at 25.) In his third claim for relief, Plaintiff contends Defendants "willingly, Knowingly, and deliberately Defaulted by failing to answer the Grievance within the allotted time frame," citing to the California Code of Regulations. (*Id*. at 12& 25-26.)

      To the degree Plaintiff contends his claims arise solely under California law and considering the complaint as written, the Court disagrees. Plaintiff's complaint plainly makes references to federal authority, namely, the First, Eighth and Fourteenth Amendments to the United States Constitution, as Magistrate Judge Claire previously noted. If Plaintiff intended only to reference to the California Constitution, references would have been to *Articles* rather than Amendments.

      The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition Government for redress of grievances.

Article 1 of the California Constitution provides "All men are by nature free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty; acquiring, possessing and protecting property; and pursuing and obtaining safety and happiness."

      The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

Whereas Article 8 of the California Constitution states:

> No person shall be held to answer for a capital or otherwise infamous

> crime (except in cases of impeachment, and in cases of militia when in actual service, and the land and naval forces in time of war, or which this State may keep with the consent of Congress in time of peace, and in cases of petit larceny under the regulation of the Legislature), unless on presentment or indictment of a grand jury; and in any trial in any court whatever, the party accused shall be allowed to appear and defend in person and with counsel, as in civil actions. No person shall be subject to be twice put in jeopardy for the same offence; nor shall he be compelled, in any criminal case, to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation.

The Section 1 of the Fourteenth Amendment to the United States Constitution provides:

> All persons born or naturalized in the United Stats and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any aw which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Whereas Article 14 of the California Constitution states: "Representation shall be apportioned according to population."

This Court, even prior to the required screening pursuant to 28 U.S.C. § 1915A, interprets Plaintiff's complaint also to include claims arising under the United States Constitution, making jurisdiction in this Court proper. *See* 28 U.S.C. § 1331.

Moreover, despite Plaintiff's objections, which do not specifically address the transfer of the action from the Sacramento Division to the Fresno Division, venue in this Court is proper for the reasons stated in Magistrate Judge Claire's May 3, 2022 Order.

### b. Remand

Plaintiff's objections are construed as a motion for remand[4], *see* 28 U.S.C. § 1447(c), and as such, Plaintiff's motion should be denied.

A federal court may exercise removal jurisdiction over a case only if jurisdiction existed over the suit as originally brought by the plaintiff. 28 U.S.C. § 1441. District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

---

[4] A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc*., 498 F.3d 972, 974 (9th Cir. 2007).

7

United States." 28 U.S.C. § 1331. The removing party bears the burden to establish that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove a case originally filed in state court if it presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a), 1441(a)–(b). A case presents a "federal question" if a claim "aris[es] under the Constitution, laws, or treaties of the United States." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (quoting 28 U.S.C. § 1331).

Whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, where the plaintiff can state claims under both federal and state law, he can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

28 U.S.C. § 1447(c) states as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Plaintiff's objections challenge the propriety of Defendants' removal of this action from state court to federal court rather than the transfer of the action from the Sacramento Division to the Fresno Division. Consideration of whether removal was proper and remand appropriate involves a review of Plaintiff's complaint. As explained in the preceding section, Plaintiff's complaint reveals at least one claim arising under the United States Constitution rather than a

8

complaint asserting only state law claims that would otherwise entitle Plaintiff to a remand of this action to state court. *See* 28 U.S.C. § 1441(c) (providing "whenever a separate and independent claim or cause of action … is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed …"); *see also Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 636 (2009) ("§ 1441(c) … allows removal of an 'entire case' when it includes at least one claim over which the federal district court has original jurisdiction").

### c. Leave to Amend

The Court additionally construes Plaintiff's objections to be motion for leave to amend his complaint. Plaintiff claims he intended only to present state law claims in his complaint. He will be afforded an opportunity to amend his complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course 21 days after serving, or if a response was filed, within 21 days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp.*, 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Given Plaintiff's stated intention to assert state law claims rather than claims giving rise to federal court jurisdiction, the undersigned finds Plaintiff should be afforded an opportunity to amend his complaint to comport with his stated intention. *AmerisourceBergen Corp.*, 465 F.3d at 951; *see also State of Tenn. Ex rel. Pierotti v. A Parcel of Real Property Municipally Known as 777 N. White Station Road, Memphis Tennessee, et al.*, 937 F.Supp. 1296, 1302-03 (W.D. Tenn. 1996) (plaintiff was entitled to amend complaint so as to remove federal RICO claim, even though plaintiff's aim in withdrawing that claim was to return to state forum for adjudication of case); *Robbins v. City of New York*, 254 F.Supp.3d 435, 437 (E.D.N.Y. 2017) ([construing letter to court as motion to amend] plaintiff seeking to return to state court to litigate employment discrimination claims following removal of action to federal court was first required to eliminate federal claim by filing amended complaint that did not contain federal claim and then seek remand). There is no indication Plaintiff's objections, construed to be a motion for leave to amend, are brought in bad faith, would produce undue delay or prejudice, or are futile.[5] *AmerisourceBergen Corp.*, 465 F.3d at 951.

### III. CONCLUSION AND RECOMMENDATIONS

The Clerk of the Court is DIRECTED to assign a District Judge to this action.

For the reasons discussed above, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand, construed as such following the filing of a letter to the Clerk of the Court enclosing a document titled "Objection to Transfer of Case, as Case is under the Tom Bane Act State § 1983, not Federal" (Doc. 8), be DENIED.

///
///
///
///
///
///
///

---

[5] By separate order, the Court will grant Plaintiff leave to amend and set a deadline for filing the amended complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 14 days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 27, 2022**          /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE