# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOYAH DESERTHAWK KIDWELL,<br><br>              Plaintiff,<br><br>    v.<br><br>JASON COLLINS, *et al.*,<br><br>              Defendants. | No.  1:22-cv-00709-BAK (BAM) (PC)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br> (ECF No. 1, 8)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Sequoyah Deserthawk Kidwell[1] is proceeding *pro se* in this civil rights action.

**INTRODUCTION**

On April 29, 2022, this action was removed from the Sacramento County Superior Court to the Sacramento Division of this Court, and ultimately transferred to the Fresno Division. Defendants removed the action asserting this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint alleges violations of the First, Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 1.)

On June 21, 2022, Plaintiff filed a letter dated June 7, 2022, advising the Clerk of the

---

[1] Plaintiff changed his name from Jason Harper to Sequoyah Deserthawk Kidwell in April 2022. (*See* Doc. 8 at 7-9.)

1

Court that certain documents he sent via U.S. Mail had been returned and marked undeliverable. (Doc. 8.) A review of the documents attached to Plaintiff's letter reveals Plaintiff intended to object to the removal of the action from state court to federal court despite the document's title. (*See id*. at 10-14 [titled "Objection to Transfer of Case, as Case is under the Tom Bane Act State § 1983, not Federal"].)

## LEAVE TO AMEND

Upon review of the Objection, the Court construes Plaintiff's Objection to be motion for leave to amend his complaint.[2] Plaintiff claims he intended only to present state law claims in his complaint. He will be afforded an opportunity to amend his complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course 21 days after serving, or if a response was filed, within 21 days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc*., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp.*, 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC*

---

[2] By separate order, the Court addressed Plaintiff's Objection to the removal of his case from state court to federal court. This Order solely addresses granting Plaintiff leave to amend his complaint based upon his representation that he intended to state claims based only upon California law.

2

*v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Given Plaintiff's stated intention to assert state law claims rather than claims giving rise to federal court jurisdiction, the undersigned finds Plaintiff should be afforded an opportunity to amend his complaint to comport with his stated intention. *AmerisourceBergen Corp.*, 465 F.3d at 951; *see also State of Tenn. Ex rel. Pierotti v. A Parcel of Real Property Municipally Known as 777 N. White Station Road, Memphis Tennessee, et al.*, 937 F.Supp. 1296, 1302-03 (W.D. Tenn. 1996) (plaintiff was entitled to amend complaint so as to remove federal RICO claim, even though plaintiff's aim in withdrawing that claim was to return to state forum for adjudication of case); *Robbins v. City of New York*, 254 F.Supp.3d 435, 437 (E.D.N.Y. 2017) ([construing letter to court as motion to amend] plaintiff seeking to return to state court to litigate employment discrimination claims following removal of action to federal court was first required to eliminate federal claim by filing amended complaint that did not contain federal claim and then seek remand). There is no indication Plaintiff's objections, construed to be a motion for leave to amend, are brought in bad faith, would produce undue delay or prejudice, or are futile. A*merisourceBergen Corp.*, 465 F.3d at 951.

Plaintiff is reminded that if he chooses to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

///

complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

### CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff is GRANTED leave to amend his complaint to assert only state law claims in accordance with his stated intention;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint (or file a notice of voluntary dismissal); and
4. **If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **June 27, 2022**         /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE