Sequoyah Kidwell© 161322
CVSP-D9-13-311
P.O. Box 2349
Blythe, Ca. 92226
Annex# 23043992-1 (CHXIV)
Incorporating Full FAITH AND CREDIT

ORIGINAL

**FILED**

JUN 20 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOYAH KIDWELL©, Plaintiff, <br><br> -vs.- <br><br> JASON COLLINS, ET. AL. Defendants. | CASE NO: 1:22-cv-00709-JLT-CDB(PC) <br><br> AMENDED COMPLAINT FOR DEPRIVATION OF RIGHTS UNDER 42 U.S.C. §1983, ET. SEQ.; COMPENSATORY DAMAGES and PUNITIVE DAMAGES. <br><br> DEMAND FOR TRIAL BY JURY |

## INTRODUCTION & OPENING STATEMENT

This is an action brought by Plaintiff against State Officials, in their respective roles and in their individual, Personal, Capacities and their Corporation of Political Subdivision. Who, While acting under the color of law, did Willfully and with intent deter, Suppress, or otherwise breach some Rights of Plaintiff guaranteed and Protected by the Federal Constitution, Particularly the 1st & 8th, Amendments.

## I. JURISDICTION and VENUE

1) This action arises under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights), 1985, 1986, and 1988. The Jurisdiction of this Court is founded on federal question Jurisdiction, 28 U.S.C. §1331, this Court also has Original Jurisdiction Pursuant to 28 U.S.C. §1343.

2) Venue is Proper because all events given rise to Plaintiff's Causes of action occurred within this district, as Provided in 28 U.S.C. §1391(b)(2).

**RECEIVED**
JUN 20 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

## II. PARTIES.

3) Plaintiff, SEQUOYAH DESERTHAWK KIDWELL©, herein after "Plaintiff," at all times relevant herein, was domiciled in the City of CORCORAN, CALIFORNIA.

4) Plaintiff is informed and believes that defendants JASON COLLINS, herein after "COLLINS", Some level of CORCORAN (KINGS COUNTY) PEACE OFFICER under the authority of the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and, as such, was at all times relevant to

1.

Amended Complaint for Deprivation of Rights Under 42 U.S.C. §1983, et.seq.; Compensatory and Punitive Damages.

this action, acting while an employed, compensated, enriched and rewarded employee for the COUNTY OF KINGS, a Political Subdivision organized and existing under the laws of the State of CALIFORNIA. COLLINS is being sued in his individual, Personal, and Official capacities.

5) Plaintiff is informed and believes that defendant MARK ALFORD, hereinafter "ALFORD", is some level of CORRECTIONAL COOK under the Authority of the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS and, as such, was at all times relevant to this action, acting while an employed, compensated, enriched and rewarded employee for the County of KINGS, a Political subdivision organized and existing under the laws of the State of California. ALFORD is being sued in his individual, Personal, and Official capacity.

6) Plaintiff is informed and believes that defendant Jonathan Esparza, hereinafter "ESPARZA", is some level of CORRECTIONAL COOK under the Authority of the California Department of Corrections and Rehabilitations and, as such, was at all times relevant to this action, acting while employed, compensated, enriched and rewarded employee for the County of Kings, a Political Subdivision organized and existing under the laws of the State of California. "ESPARZA" is being sued in his individual, Personal, and Official capacities.

7) Plaintiff is Informed and believes that defendant JOSE CISNEROS VASQUEZ, hereinafter VASQUEZ, is some level of CORRECTIONAL COOK under the Authority of the California Department of Corrections and Rehabilitations and, as such, was at all times relevant to this action, acting while employed, compensated, enriched and rewarded employee for the County of Kings, a Political Subdivision organized and existing under the laws of the State of California. VASQUEZ is being sued in his individual, Personal, and official Capacity.

8) Plaintiff is informed and believes that defendant MARIA QUINNONEZ, hereinafter QUINNONEZ, is some level of Correctional Cook under the Authority of the California Department of Corrections and Rehabilitations and, as such, was at all times relevant to this action, acting while employed, compensated, enriched and rewarded employee for the County of Kings, a Political Subdivision Organized and existing under the laws of the State of California. QUINNONEZ, is being sued in her individual, Personal, and Official Capacity.

9) Plaintiff is informed and believes that defendant ANGEL ARMENTA, hereinafter ARMENTA, is some level of Correctional Cook under the Authority of the California Department of Corrections and Rehabilitations and, as such, was at all times relevant to this action, acting while employed, compensated, enriched and rewarded employee for the County of Kings, a Political Subdivision Organized and existing under the laws of the State of California. ARMENTA is being sued in his individual, Personal, and Official Capacity.

10) Plaintiff is informed and believes that defendant LORENZO MACIAS, hereinafter MACIAS, is some level of CORRECTIONAL COOK under the Authority of the California Department of Corrections and Rehabilitations and, as such, was at all times relevant to this action, acting while employed, compensated, enriched and rewarded employee for the County of Kings, a Political Subdivision organized and existing under the laws of the State of California. MACIAS is being sued in his individual, Personal, and Official Capacity.

11) Plaintiff is informed and believes that Defendant Cecilia Sanchez, hereinafter SANCHEZ, is some level of CORRECTIONAL COOK under the Authority of the California Department of Corrections and Rehabilitations and, as such, was at all times relevant to this action, acting while employed, Compensated, enriched and rewarded employee for the County of Kings, a Political Subdivision Organized and existing under the Laws of the State of California. SANCHEZ is being sued in her individual, Personal, and Official Capacity.

12) Plaintiff is informed and believes that Defendant GABINO MERCADO, hereinafter MERCADO, is some level of KINGS COUNTY PEACE OFFICER under the Authority of the California Department of Corrections and Rehabilitations and, as such, was at all times relevant to this action, acting while employed, Compensated, enriched and rewarded employee for the COUNTY OF KINGS, a Political Subdivision organized and existing under the laws of the State of California. MERCADO is being sued in his/her individual, Personal, and Official Capacity.

13) Plaintiff is informed and believes that Defendant HENRY AGUWA, hereinafter AGUWA is some level of CHAPLAIN under the Authority of the California Department of Corrections and Rehabilitations and, as such, was at all times relevant to this action, acting while employed, compensated, enriched and rewarded employee for the County of Kings, a Political Subdivision organized and existing under the laws of the State of California. AGUWA is being sued in his individual, Personal, and Official Capacity.

14) Plaintiff is informed and believes that Defendant JAIME ESCOBEDO, hereinafter ESCOBEDO, is some level of Supervising Correctional Cook under the Authority of the California Department of Corrections Rehabilitations and, as, such, Was at all times mentioned/Relevant to this action, acting while employed, Compensated, enriched, and rewarded employee for the County of Kings, a Political Subdivision organized and existing under the laws of the State of California. ESCOBEDO is being sued in his individual, Personal, and Official Capacity.

15) Plaintiff is informed and believes that Defendant RAUL MORALES, hereinafter MORALES, is some level of KINGS COUNTY PEACE OFFICER under the Authority of the California Department of Corrections and Rehabilitations and, as such, was at all times relevant to this action, acting while employed, Compensated, enriched and rewarded employee for the County OF KINGS, a Political Subdivision organized and existing under the laws of the State of California. MORALES is being sued in his individual, Personal, and Official Capacity.

3.

16) Plaintiff is informed and believes that Defendant REINY DELA CRUZ, hereinafter DELA CRUZ, is some level of KINGS COUNTY PEACE OFFICER under the Authority of the California Department of Corrections Rehabilitations and, as such, was at all times relevant to this action, acting while employed, compensated, enriched and rewarded employee for the COUNTY OF KINGS, a Political Subdivision organized and existing under the laws of the State of California. DELA CRUZ is being sued in his individual, Personal, and Official Capacity.

17) Plaintiff is informed and believes that Defendant DONNA WILLIAMS, hereinafter WILLIAMS, is some level of Supervising Cook (Correctional), under the Authority of the California Department of Corrections and Rehabilitations and, as such, was at all times relevant to this action, acting while employed, compensated, enriched and rewarded employee for the County of Kings, a Political Subdivision Organized and existing under the laws of the State of California. WILLIAMS is being sued in her individual, Personal, and Official Capacity.

18) Plaintiff is informed and believes that Defendant C. TORRES, hereinafter TORRES, is some level of KINGS COUNTY PEACE OFFICER under the Authority of the California Department of Corrections and Rehabilitations and, as such, was at all time relevant to this action, acting while employed, compensated, enriched and rewarded employee for the County of Kings, a Political Subdivison Organized and existing under the laws of the State of California. TORRES is being sued in his individual, Personal, and Official Capacity.

19) Plaintiff is informed and believes that Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, hereinafter CDCR, is some level of CORPORATE ENTITY IN SACRAMENTO COUNTY Doing business in the COUNTY OF KINGS, under the Authority of the Head of State Gavin Newsom, and, as such, was at all times relevant to this action, acting while employed, compensated, enriched and rewarded Corporation for the entire State of California, a Political Subdivision Organized and existing under the laws of the State of California. CDCR is being sued in it's Corporate, and Official Capacity (*1 ₣ₙ pg 6)

## GENERAL FACTUAL ALLEGATIONS

20) At all times herein, Plaintiff at the time was incarcerated at the California Substance Abuse Treatment Facility and State Prison, hereinafter CSATF/SP.

21) Plaintiff is currently been transferred to Chuckawalla State Prison, hereinafter CVSP.

22) Plaintiff was deprived of his Kosher Dietary Meals for a total of 69 days, even though he had been approved since 2016, and placed on the Dietary Meal Tracking System.

23) On 3/26/2020 Plaintiff wrote to the Community Resourse Manager, (hereinafter CRM) to observe the Passover for the Memorial of Jesus Death. Defendant TORRES wrote back Stating that the Plaintiff is already on the Kosher diet and Passover Ducats have already been created. Upon Passover date arriving, "NO" Kosher meal came for Plaintiff. Plaintiff wrote

4.

Amended Complaint for Deprivation of Rights Under 42 U.S.C. §1983. et. seq.; Compensatory and Punitive Damages.

the CRM and requested that Plaintiff had been taken off the Hepatic Diet as his new C. Treatment was done to Please add him back to the Kosher Diet. Defendant C. TORRES responded that Plaintiff was still on the approved List. However, Plaintiff was still not recieving his Kosher Diet that he was approved for and was being told he was on the list to recieve. Plaintiff missed the entire Passover. Plaintiff gave his Notice two weeks in advanse as Required, but was denied the Kosher Diet even after approved.

24) On 4/6/2020 Plaintiff was still not recieving his Kosher Diet. Plaintiff Placed another 22 Request form telling Defendant TORRES that again he wanted to be added to the list to recieve his Kosher Diet as he had been Taken off the Hepatic Diet. On 4/14/2020 Defendant TORRES stated Plaintiff was still on the Approved (Dietary Meal Tracking System) for the Kosher Diet. On 4/14/2020 Plaintiff was still not recieving the Approved Kosher Diet, and were not even being generated to the Facility E Dinning for Plaintiff to Recieve.

25) On 4/15/2020 Plaintiff again wrote Defendants TORRES and DELA CRUZ giving them again Constructive Notice that he was not recieving his approved meals, and they were not being generated to the Facility E Dinning to be distributed to him. That all have been aware in Fac. E Dinning have also been Continuously aware of the situation on multiple occasions, still nothing was being done to fix the Problem of Plaintiff being denied/deprived of his approved Kosher Meals. Plaintiff Continued to be given a window dressing with the answers he was being given, of still being on the list and approved for the Kosher Diet.

26) On 5/15/2020 Plaintiff recieved an answer from Defendant DELA CRUZ stating that food Service Manager was Contacted to inform them of Plaintiff's Concerns. However, nothing was done to fix the Problem of Plaintiff Recieving his Kosher Diet.

27) On 4/26/2020 Plaintiff notified C/o Espendola that his Kosher Diet is still not being Provided. Plaintiff showed him all the 22 forms stating he was on the approved list, his Kosher Dietary Card, and the 602 Granted to start recieving his meals. C/o Espendola Contacted the Cook within the Kitchen on Facility E to let them Know that Plaintiff was approved for the Kosher Meal but was not recieving it, and had documents to Prove it, and has been approved for the Kosher Diet since 2016. The Cook of the day told C/o Espendola he was going to call his supervisor to Let them Know.

28) On 5/14/2020 Plaintiff again gave another Notice to Defendants DELA CRUZ and TORRES requesting information as to Why he was not reciving his approved Kosher Diet from the Kitchen, that his 602 Appeal had been granted since May 4th, 2020 to start recieving the approved Kosher Diet. However, Plaintiff is being denied his Kosher Diet. With Facility E. Correctional Cook's and Supervising Correctional Cook's Defendant's ALFORD, ESPARZA, VASQUEZ, QUINNONEZ, ARMENTA, MACIAS, SANCHEZ, ESCOBEDO, MORALES, and WILLIAMS Keep telling Plaintiff that he is not on the

5.

Amended Complaint for Deprivation of Rights Under 42 U.S.C. §1983, et.seq.; Compensatory and Punitive Damages.

Fac. E Dinning list, Which they recieve every week from the Main Kitchen.

29) On 5/26/2020 C/O D. Alvarez stated he sent an email to his supervisor, that Plaintiff was on the Kosher Diet and Tracking Meal list, and would email the Kitchen with a Copy of Plaintiff's approved 30/30 Dietary form going forward.

30) On 5/5/2020 Plaintiff wrote another Request 22 form to the Main Kitchen Supervising Correctional Cooks Which were Defendants ESCOBEDO, and WILLIAMS, giving them Notice that Plaintiff was Approved for Kosher Diet and Was granted 602 Appeal #SATF-E-20-02587 to be recieving his Kosher Diet that night. However, Plaintiff is still not being Placed upon the Fac. E Dinning list made by them even though they have been Notified of the issue. That Defendant's AGUWA and DELA CRUZ gave them Notice of the Situation.

31) On 5/7/2020 Plaintiff Wrote another 22 request form to Defendant JASON COLLINS Who held the Position of AW Business Service, Where he was given Notice of the Granted 602 Log #SATF-E-20-02587, to be added back on the Kosher Diet, the Kosher list and recieve his meals. That Plaintiff was interviewed by Defendant AGUWA and was told he would be recieving his meals that night. Defendant AGUWA Trued everything he could to act Plaintiff to Withdrawl the 602 Appeal Which Plaintiff Respectfully declined. Defendant AGUWA stated he was going to the Kitchen to make sure they start giving Plaintiff his Kosher Diet. However, AGUWA never went to the Dinning like he said. Plaintiff was glad he didn't withdrawl the 602 because he was still not recieving his Kosher Diet even though he was on an approved list. Plaintiff made a request for them to mitigate their Damages as his Rights were being Violated.

32) On 5/14/2020 Plaintiff was sent back his 22 form from the main Kitchen again stating that he was already on the Meal Tracking System for the Kosher Diet. However, Plaintiff was still not recieving his Kosher Diet even though he was approved and not recieving any help to obtain his meals. As Plaintiff's meals still did not come with the food Carts that came to the building due to Covid. Cell feeding. Plaintiff had C/O Ayon call the kitchen Where Defendants ESCOBEDO and ARMENTA told C/O Ayon "I don't Fucking Care about Plaintiff having a 602 Granted, he is not on the list he is not getting one."

33) On 5/15/2020 Plaintiff seen Chaplain Ohera about his Kosher Diet. He gave Plaintiff a Printout of the Dietary Meal Tracking System with his name Highlighted and signed that it Came from him. Plaintiff explained to ohera that Plaintiff's name might be on this list but When it Came to the weekly list in Fac. E Dinning he was not. Ohera told Plaintiff to hold on and Went into his office and Called Facility E Dinning, and told them Plaintiff is on the list to recieve his Kosher Diet and is Looking at the Dietary Meal Tracking System and that Plaintiff

6.

---

*1 fn

An Official Capacity Suit is, in all respects other than name, to be treated as a Suit against the entity for which the Officer or employee is an agent. Kentucky v. Graham. 473 U.S. 159, 166 (1985).

Amended Complaint for Deprivation of Rights Under 42 U.S.C. §1983, et. seq.: Compensatory and Punitive Damages

was there. The Facility E Dinning Cook Stated to Chaplain Ohera, Plaintiff is not on the list that they recieve from the Supervisors in the Main Kitchen they Cant do anything about it. Chaplain Ohera Continued to Contact the Main Kitchen and told Defendants ESCOBEDO and/or WILLIAMS that Plaintiff is on the Dietary Meal Tracking System, that it is a legal document, that Plaintiff was being deprived his Kosher Diet and had been for sometime, and even had has a 602 Appeal Granted to recieve said Kosher Diet. Defendants named above told Ohera they were going to check in to it, if it was correct it would be fixed that night. However, Plaintiff Continued to be deprived of his Kosher Diet.

34) Defendant CDCR Continued to Violate the Protected Procedural Due Process Rights of Plaintiff by Obstructing Justice and Violating their own Rules and Regulations by taking Thirteen Months to answer the Third level Response when it came to Plaintiff's issue of being deprived his Approved Kosher Diet.

## COUNT ONE

35) Plaintiff Repeats and re-alleges the allegations contained in Paragraphs 1-34, above and incorporates the same as if set forth in full.

36) Plaintiff while being incarcerated at CSATF/SP, Where Plaintiff had a right to be, engaged in Constitutionally Protected Conduct when being Approved for Kosher Diet, officers and Cooks, deprived Plaintiff and refused to Cease Violations of this Constitutionally Protected Conduct, and was done under a show of Authority, and thereby Precluded from Participating in an approved Kosher Dietary Program. Had Plaintiff not been approved for the Kosher Diet, Plaintiff would not have been Subjected to the Punishment and Rights Violations from/of COLLINS, ALFORD, ESPARZA, VASQUEZ, QUINNONEZ, ARMENTA, MACIAS, SANCHEZ, MERCADO, AGUNA, ESCOBEDO, MORALES, DELA CRUZ, TORRES, and CDCR.

37) Defendants COLLINS, ALFORD, ESPARZA, VASQUEZ, QUINNONEZ, ARMENTA, MACIAS, SANCHEZ, MERCADO, AGUNA, ESCOBEDO, MORALES, DELA CRUZ, TORRES, and CDCR Specific to the deprivation, deterring of Approved Kosher Diet, Committed acts that extended beyond a "mere chilling" of, but Clearly Violated Plaintiff's 1st and 8th Amendment Rights and Clearly established law. Further, said acts were Committed Pursuant to a Custom, Practice or Policy or a failure to train as to deter these rights violations by these Peace Officers and Correctional Cooks, and that Peace officers and Correctional Cooks at CSATF/SP were deterring, depriving, and Suppressing the Approved Kosher Diet absent any violation of any law.

Amended Complaint for Deprivation of Rights Under 42 U.S.C. § 1983, et. Seq.; Compensatory and Punitive Damages.

38) As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, frustration, anger, and anxiety, all to his injury in the amount of $250,000.00

WHEREFORE, Plaintiff seeks for Punitive and General Damages against the Defendants Jointly and Severally.

## COUNT II

39) Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-38 above and incorporates the same as if set forth in full.

40) Defendants COLLINS, ALFORD, ESPARZA, VASQUEZ, QUINNONEZ, ARMENTA, MACIAS, SANCHEZ, MERCADO, AGUWA, ESCOBEDO, MORALES, DELA CRUZ, TORRES, and CDCR, knew or should have known that Plaintiff was approved for the Kosher Diet due to all Notices, and 602, as well as the Dietary Meal Tracking System making a clearly established law/right. By the above defendants singling out Plaintiff denied Plaintiff the right to his approved Kosher Diet therefore denied Plaintiff his Right to enjoy equal Protection under the law to be afforded his Approved Kosher Diet.

41) The above named Defendants committed Acts that clearly violated Plaintiff's 1st and 8th Amendment Rights and clearly established law. Further acts were committed Pursuant to a Custom, Practice or Policy.

42) As a further direct result of the Conduct of Defendants as set forth in this Count, Plaintiff has suffered Odium, emotional distress including but not limited to, frustration, anger, and anxiety, all to his injury in the amount of $250,000.00

WHEREFORE Plaintiff Seeks Punitive and General Damages against the Defendants Jointly and Severally

## COUNT III

43) Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-42 above and incorporates the same as if set forth in full.

44) Plaintiff while being incarcerated under the laws of (PLRA), has an Obligation and Right to grievance wrongs, and engage in that Perfected (Constitutionally) Conduct when completing his administrative remedies. Where Defendant CDCR diviated, deterred, and Suppressed, and made an attempt to cease this Constitutionally Protected Conduct, by a show of Authority, and thereby Precluded from Due Process established by law when it came to

8.

time restrained Plaintiff was Subjected to the Punishment and Rights of CDCR.

45) Defendant CDCR's specific act to deterring the Due Process of the 602 Appeals Process Committed acts that extend beyond a "mere chilling" of, but Clearly Violated Plaintiff's Right to Due Process and Administrative Process and clearly established Law. Further, Said acts were Committed Pursuant to a Custom, Practice or Policy or a failure to train as to deter these rights Violations by CDCR, and that CDCR are deterring and Suppressing, and Circumventing individuals absent any Violation of law.

46) As a further result of the Conduct of Defendants as set forth in this Count, Plaintiff has Suffered Odium, emotional distress including but not limited to, frustration, anger, and anxiety, all to his Injury in the amount of $250,000.00

WHEREFORE Plaintiff Seeks Damages for Punative and General Damages against the Defendant Jointly and Severally.

WHEREFORE, Plaintiff Seeks Relief against Defendants, and each of them, as follows:

### AS TO COUNTS I AND II.

a) For general Damages against Defendants COLLINS, ALFORD, ESPARZA, VASQUEZ, QUINNONEZ, ARNENTA, MACIAS, SANCHEZ, MERCADO, AGUILLA, ESCOBEDO, MORALES, DELA CRUZ, TORRES, and CDCR in their individual, Personal, and Official Capacities in the amount of $1,000,000.00.

b) For Punitive Damages against appropriate Defendants in the amount of $1,000,000.00.

c) For Compensatory Damages against appropriate Defendants in the amount of $1,500,000.00

### AS TO COUNT III

d) For general damages against CDCR in the amount of $1,500,000.00 or allowed by law.

e) For Punitive Damages in the amount allowed by law.

f) Reasonable legal cost and fees, along with cost of suit, and,

g) Such other relief as this Court may find to be Just and Proper.

DEMAND FOR TRIAL BY JURY

I DECLARE UNDER PENALTY OF PURJURY THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated this 19th day of June, 2023

Jeguoyah-Deserthawk: Kidwell Annex #23043992-1
Private Attorney General / Operating Full FAITH AND CREDIT. (CHXIV)

9

Amended Complaint for Deprivation of Rights Under 42 U.S.C. §1983, et. Seq.; Compensatory and Punitive Damages