UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOYAH DESERTHAWK KIDWELL,<br><br>           Plaintiff,<br><br>v.<br><br>JASON COLLINS, et al.,<br><br>           Defendants. | Case No.: 1:22-cv-00709-JLT-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS ACTION**<br><br>(Doc. 33)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Sequoyah Deserthawk Kidwell, *also known as* Jason Scott Harper, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Aguwa[1] for retaliation in violation of the First Amendment.

**I.     INTRODUCTION**

On December 26, 2023, Defendant Henry Aguwa answered Plaintiff's first amended complaint. (Doc. 31.)

On January 8, 2024, Plaintiff filed a document titled "Plaintiffs Response to Answer Plainti[ff] Conce[des] and Request Dismissal of Complaint." (Doc. 33.)

---

[1] Plaintiff's first amended complaint identified Defendant as "Henry Aguna, Chaplain at SATF." (*See* Doc. 26 at 5.) In his answer to the first amended complaint, Defendant identifies himself as H. Aguwa. (*See* Doc. 31.)

The Court issued its Order Regarding Plaintiff's Filing of January 8, 2024 and Directing Defendant's Response on January 10, 2024. (Doc. 34.)

On January 12, 2024, Defendant filed a Statement of Non-Opposition to Plaintiff's Motion to Dismiss. (Doc. 35.)

## II.     DISCUSSION

In his January 8, 2024 filing, Plaintiff states "that at no time has Defendant Aguwa been placed in their about the Retaliation of Plaintiffs [rights]" and that he "agrees with the Attorney [General's] Office, and [concedes] to dismiss action with good faith and clean hands as it is not fair nor proper to continue with the complaint for all parties." (Doc. 33.)

As noted above, the Court construed Plaintiff's January 8, 2024 filing to be a motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and directed Defendant to respond. (*See* Doc. 34.) Defendant filed a statement of non-opposition on January 12, 2024. (Doc. 35.)

A party may dismiss an action by filing a motion requesting the Court to dismiss the action. Fed. R. Civ. P. 41(a)(2). That rule provides, in relevant part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id*. A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. *Hamilton v. Firestone Tire & Rubber Co. Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). "Pursuant to Rule 41(a)(2), there are three separate determinations for the court to make: 1) whether to allow dismissal; 2) whether the dismissal should be with or without prejudice; and 3) what terms and conditions, if any, should be imposed." *Martin v. Winett*, No. 1:04-CV-05358-LJO, 2012 WL 2360800, at *2 (E.D. Cal. June 20, 2012) (citing *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)). Voluntary dismissal under Rule 41(a)(2) is warranted unless a defendant can show that it will suffer plain legal prejudice as a result of the dismissal. *Id*. (citing *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)).

Here, the Court recommends that dismissal of this action be allowed. Defendant has filed a notice that he does not oppose Plaintiff's motion seeking dismissal of this action. Next, while Plaintiff's motion does not expressly seek dismissal of the action without prejudice, nor does

Defendant's notice or statement address whether the dismissal should be with or without prejudice, the Court will recommend this action be dismissed without prejudice. Finally, the Court finds the dismissal of this action does not warrant the imposition of any terms and conditions. *Hamilton*, 679 F.2d at 145; *Martin*, 2012 WL 2360800, at *2.

### III.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court **HEREBY RECOMMENDS** that:

1. Plaintiff's motion to voluntarily dismiss this action (Doc. 33) be **GRANTED;**
2. This case be dismissed in its entirety without prejudice; and
3. The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 17, 2024**                           _____
                                                         UNITED STATES MAGISTRATE JUDGE

3